stitute, as a whole, a patentable combination. The two springs and the clasps connecting them are all required to make the article, as "a corset-spring," at all useful, in performing the functions which it performs when the springs are actually combined by the clasps when the corset is worn. The combination does not have its full effects developed until it is used in the corset, yet it exists pro tanto, so as to be an infringement, when the springs and clasps are made, ready to be inserted in a corset. The elements which make up the combination called "a corset-spring" co-operate mechanically to a common mechanical end, which end is developed in the use of the springs and clasps in the corset when worn. The fact that the clasps were used before with the single springs. does not destroy the novelty and patentability of the combination and arrangement made by Barnes.

There must be a decree for the plaintiff, for a perpetual injunction and an account, with costs, as the infringement is not denied.

[NOTE. Patent No. 56,345 was granted to S. H. Barnes. July 17, 1866: reissued August 31. 1869, (No. 3,624;) reissued January 7, 1873, (No. 5,216.) For other cases involving this patent, see Egbert v. Lippmann, Case No. 4,306; Egbert v. Lippmann, 104 U. S. 333.]

## Case No. 1,023.

### BARNES v. UNITED STATES.

[The case reported under this title in 12 N. B. R. 526, is the same as In re Vetterlein, Case No. 16,929.]

BARNES, (UNITED STATES v.) See Case No. 14,523.

BARNES v. VETTERLEIN. See Case No. 16,929.

BARNET v. DAY. See Case No. 836.

## Case No. 1,024.

### In re BARNETT.

[3 Pittsb. Rep. 559; 15 Pittsb. Leg. J. 73.]

District Court, W. D. Pennsylvania. 1868.

BANKRUPTCY—AFTER-ACQUIRED PROPERTY.

[Crops planted by a bankrupt after the filing of a petition in bankruptcy, under Act March 2, 1867, (14 Stat. 517, c. 176,) do not pass to the assignee as assets for the use of creditors.]

[See In re Patterson, Case No. 10,815; In re Levy, Id. 8,296.]

[In bankruptcy. In the matter of Joseph Barnett.]

Opinion by JOHN N. PURVIANCE, Register of the 23d Congressional District:

The question upon which the opinion of the register is desired. is whether the crop raised by the bankrupt in the year 1868, after the filing of his petition in bankruptcy, passes as assets to the assignee for the use of the creditors of said bankrupt. The petition in bankruptcy in this case, was filed on the 3d day of March, 1868, by the petitioner. The said Barnett was adjudged a bankrupt on the 8th day of April following. Assignment of his assets was duly made on the 15th day of May, 1868, to the assignee chosen by the greater part in number and value of the creditors who have proved their debts; said bankrupt has not been discharged. The 14th section of the bankrupt act [of March 2, 1867, (14 Stat. 522,)] providing inter alia for the assignment of bankrupt's effects and estate, is specific in its terms, in this, that it provides for the assignment and conveyance to the assignee of all the estate, real and personal, of the bankrupt, of which he was possessed, or in which he was interested, or entitled to have on the day of the date of filing his petition in bankruptcy, and declares that "such arrangement shall relate back to the commencement of said proceedings in bankruptcy." The assignment, therefore, does not relate to or take effect upon after-acquired property, earned by labor, as in this case. The whole proceedings as provided for by the law and as indicated in the forms prescribed, seem to contemplate the true condition of the bankrupt, as to his means and liabilities, at the time of the commencement of the proceedings in bankruptcy. Therefore, after-acquired property earned by labor or otherwise, pending proceedings in bankruptcy, and before final discharge, forms no part of the assets which under the bankrupt law passed by assignment to the assignee for the use of the creditors. Taking the facts to be as stated in the paper hereto attached, "that after the petition in bankruptcy was filed that Joseph Barnett, the bankrupt, put in a spring crop, consisting of corn, oats, buckwheat and potatoes," the register is of opinion that the said grain. &c., raised by the bankrupt after the filing of his petition, does not pass to the assignee as assets for the use of the creditor.

McCANDLESS, District Judge, confirmed the register's report.

BARNETT v. HIGHTOWER. See Case No. 1,009.

## Case No. 1,025.

### BARNETT v. LUTHER.

[1 Curt. 434.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1853.

ADMIRALTY—JURISDICTION—NOMINAL DAMAGES.

The admiralty will not entertain suits for merely nominal damages in cases of personal torts, not involving any subject-matter beyond such a claim for damages.

[1] [Reported by Hon. B. R. Curtis. Circuit Justice.]